IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDELBERG USA, INC. | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 07-601-*** |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | : | |
| Defendants. | : | |
| | | |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 07-602-GMS |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | : | |
| Defendants. | : | |

**ORDER REGARDING REASSIGNMENT AND
REFERENCE PURSUANT TO 28 U.S.C. § 636**

AND NOW this 26th day of Oct., 2007, it appearing that Civil Case No. 07-601-***, *Heidelberg USA, Inc. v. Screentone Systems Corp., et al.*, has been assigned to the vacant judgeship and has been automatically referred to Magistrate Judge Leonard P. Stark on October

10, 2007, for all pretrial proceedings pursuant to 28 U.S.C. § 636;

AND FURTHER it appearing that Civil Case No. 07-602-GMS, *Konica Minolta Business Solutions U.S.A., Inc. v. Screentone Systems Corp., et al.*, has been assigned to Chief Judge Gregory M. Sleet and referred to Magistrate Judge Leonard P. Stark on October 10, 2007;

AND FURTHER it appearing that the above-captioned Civil Case Nos. 07-601-*** and 07-602-GMS are related cases;

IT IS HEREBY ORDERED that Civil Case No. 07-601-*** is reassigned to Chief Judge Gregory M. Sleet (and all parties shall include the initials of the Judge (GMS) after the case number on all documents filed); and

IT IS FURTHER HEREBY ORDERED that, consistent with 28 U.S.C. § 636(b), Magistrate Judge Stark shall conduct all proceedings in both actions (Civ. No. 07-601-GMS and Civ. No. 07-602-GMS), and hear and determine all motions,[1] through the pretrial conferences.[2]

_____
United States District Judge

FILED
OCT 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[1] Dispositive motions by report and recommendation; nondispositive motions by order (either written or issued from the bench).

[2] With respect to discovery disputes, the court's Electronic Discovery Default Standard and Default Standard for Access to Source Code shall continue to be applicable.