IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDELBERG USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-601-GMS |
| | ) | |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-602-GMS |
| | ) | |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF EDWARD R. NELSON, III IN SUPPORT OF DEFENDANTS' MOTION TO STAY OR TRANSFER PENDING RESOLUTION OF ISSUES BY THE EASTERN DISTRICT OF TEXAS, THE FIRST-FILED COURT, OR, IN THE ALTERNATIVE, MOTION TO DISMISS**

I, Edward R. Nelson, III, declare as follows:

1. My name is Edward R. Nelson, III. I am a shareholder in the law firm of Friedman, Suder & Cooke, attorneys for Screentone Systems Corporation, Acacia Patent Acquisition

Corporation, Acacia Research Corporation, and Paul S. Snypp in *Heidelberg USA, Inc. v. Screentone Systems Corp., et al.*, Civil Action No. 07-601-GMS and in *Konica Minolta Business Solutions U.S.A., Inc. v. Screentone Systems Corp., et al.*, Civil Action No. 07-602-GMS, both of which are pending in the United States District Court for the District of Delaware.

2.  I make this declaration in support of *Defendants' Motion to Stay or Transfer Pending Resolution of Issues by the Eastern District of Texas, the First-Filed Court, or, In the Alternative, Motion to Dismiss*. I am competent to testify to the matters stated in this declaration, have personal knowledge of the facts and statements herein, and each of the facts and statements is true and correct.

3.  Attached as Exhibit 1 is a true and correct copy of Plaintiff Screentone's original Complaint filed August 8, 2007, in the United States District Court for the Eastern District of Texas, Marshall Division.

4.  Attached as Exhibit 2 is a true and correct copy of the June 18, 2007 assignment of United States Patent No. 5,166,809 from Acacia Patent Acquisition Corporation to Screentone Systems Corporation.

5.  Attached as Exhibit 3 is a true and correct copy of excerpts from the Motion to Dismiss filed by Konica Minolta Printing Solutions U.S.A., Inc. on or about October 1, 2007, in the United States District Court for the Eastern District of Texas, Marshall Division.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of November, 2007 at Fort Worth, Texas.

_____
EDWARD R. NELSON, III

# EXHIBIT 1

Case 1:07-cv-00602-GMS-LPS    Document 16-2    Filed 11/21/2007    Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SCREENTONE SYSTEMS CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:07cv340-DF |
| | § § | **JURY TRIAL DEMANDED** |
| CANON U.S.A., INC., EASTMAN KODAK COMPANY, PANASONIC CORPORATION OF NORTH AMERICA, RICOH AMERICAS CORPORATION, KONICA MINOLTA PRINTING SOLUTIONS U.S.A., INC., KYOCERA MITA AMERICA, INC., and HEIDELBERG USA, INC., | § § § § § § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SCREENTONE SYSTEMS CORPORATION ("Plaintiff") files this Original Complaint against Defendants CANON U.S.A., INC. ("Canon"), EASTMAN KODAK COMPANY ("Kodak"), PANASONIC CORPORATION OF NORTH AMERICA ("Panasonic"), RICOH AMERICAS CORPORATION ("Ricoh"), KONICA MINOLTA PRINTING SOLUTIONS U.S.A., INC. ("Konica Minolta"), KYOCERA MITA AMERICA, INC. ("Kyocera"), and HEIDELBERG USA, INC. ("Heidelberg"), alleging as follows:

### I. THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Newport Beach, CA.

2. Upon information and belief, CANON is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Lake Success, NY.

1

CANON may be served with process through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.

3. Upon information and belief, KODAK is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in Rochester, NY. KODAK may be served with process through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.

4. Upon information and belief, PANASONIC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Secaucus, NJ. PANASONIC may be served with process through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.

5. Upon information and belief, RICOH is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in West Caldwell, NJ. RICOH may be served with process through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.

6. Upon information and belief, KONICA MINOLTA is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Mobile, AL. KONICA MINOLTA may be served with process through its registered agent, Corporation Service Company, 710 Brazos Street, Suite 1050, Austin, TX 78701.

7. Upon information and belief, KYOCERA is a corporation organized and existing under the laws of the State of California, with a principal place of business in Fairfield, NJ. KYOCERA may be served with process through its registered agent, Hiroyuki Kobayashi, 2825 West Story Road, Irving, Texas 75038.

8. Upon information and belief, HEIDELBERG is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Kennesaw, GA.

HEIDELBERG may be served with process through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

9. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

10. Upon information and belief, Defendants have minimum contacts with the Marshall Division of the Eastern District of Texas such that this venue is fair and reasonable. Defendants have each committed such purposeful acts and/or transactions in Texas that they reasonably should know and expect that they could be hailed into this Court as a consequence of such activity. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Marshall Division of the Eastern District of Texas. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III. PATENT INFRINGEMENT

11. On November 24, 1992, United States Patent No. 5,166,809 ("the '809 patent") was duly and legally issued for an "Apparatus and Methods for Digital Halftoning." A true and correct copy of the '809 patent is attached hereto as Exhibit "A" and made a part hereof.

12. Plaintiff is the owner of the '809 patent with the exclusive right to enforce the '809 patent against infringers and collect damages for all relevant times, including the right to prosecute this action.

13. Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that infringe one or more claims in the '809 patent; and/or induce and/or contribute to the infringements

3

of one or more of the claims in the '809 patent by others. Defendants' acts of infringement generally involve their manufacture, use, and sale of printer and other imaging products which operate to reproduce images by the claimed digital halftoning techniques.

14. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, each liable to Plaintiff in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Excepting Defendant HEIDELBERG, Plaintiff notified each Defendant in writing in March 2006 of their respective infringing conduct. The notified Defendants have knowingly and willfully infringed the '809 patent since at least the time of their notices.

### IV. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### V. PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

    a. Judgment that one or more claims of United States Patent No. 5,166,809 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringements Defendants have contributed and/or by others whose infringements have been induced by Defendants;

    b. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

    c. That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e. That the Court declare this an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: August 8, 2007**  Respectfully submitted,

*/s/ Johnny Ward*
_____
T. John Ward, Jr.
State Bar No. 00794809
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

Edward R. Nelson III
State Bar No. 00797142
Jonathan T. Suder
State Bar No. 19463350
Edward E. Casto, Jr.
State Bar No. 24044178
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
nelson@fsclaw.com
jts@fsclaw.com
casto@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 2

## ASSIGNMENT

**WHEREAS, ACACIA PATENT ACQUISITION CORPORATION**, a Delaware corporation having a place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660 (hereafter, together with any successors, legal representatives or assigns thereof, called "ASSIGNOR") is the owner of the entire right, title, and interest and assignee of **U.S. Patent Nos. 4,924,301** and **5,166,809** for apparatus and methods for digital halftoning (collectively, the "Patents");

**AND WHEREAS, SCREENTONE SYSTEMS CORPORATION,** a Delaware corporation having a place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660 (hereafter, together with any successors, legal representatives or assigns thereof, called "ASSIGNEE") wants to acquire ASSIGNOR's entire right, title and interest in and to the Patents, and all the inventions therein, and ASSIGNOR is willing to enter into such assignment.

**NOW, THEREFORE**, in consideration of the sum of One Dollar ($1.00) in hand paid and other good and valuable consideration the receipt of which from ASSIGNEE is hereby acknowledged, ASSIGNOR has sold, assigned, transferred and set over, and does hereby sell, assign, transfer and set over to ASSIGNEE, ASSIGNOR's entire right, title and interest in and to the Patents, and all continuations, divisions, reexaminations, reissues and substitutes thereof, all inventions therein, including without limitation all rights to claim priority on the basis thereof, and any and all applications for patents which are or may hereafter be filed for this invention in any foreign country and all patents which may be granted on these inventions in any foreign country, and all extensions, renewals, and reissues thereof;

**ASSIGNOR** hereby covenants that it has full right to convey the entire interest herein assigned, and that it has not executed, and will not execute, any agreement in conflict with this Assignment;

**ASSIGNOR** hereby further covenants and agrees that it will communicate to ASSIGNEE any and all facts known to it respecting said patents, and testify in any legal proceeding, sign all lawful papers, execute and deliver all papers and take any actions that may be necessary or desirable to perfect the title to any aforementioned patents and inventions, execute all divisional, continuation, reexamination, reissue and substitute applications, and make all rightful oaths and generally do everything possible to aid ASSIGNEE to obtain and enforce proper patent protection for said inventions in all countries.

ASSIGNMENT

**IN TESTIMONY WHEREOF**, I hereunto set my hand this 18th day of June, 2007.

ACACIA PATENT ACQUISITION CORPORATION

By _[signature]_

Name _Robert L. Harris II_

Title _President_

STATE OF  CA  )
COUNTY OF  Orange  )

On  June 18, 2007 , before me  Peggy Farney ,
Notary Public, personally appeared  Robert Lee Harris III  personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_[Notary seal: PEGGY FARNEY, Commission # 1430556, Notary Public - California, Orange County, My Comm. Expires Jul 14, 2007]_

_Peggy_ [signature]
Signature of Notary

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SCREENTONE SYSTEMS CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>CANON U.S.A., INC., EASTMAN KODAK COMPANY, PANASONIC CORPORATION OF NORTH AMERICA, RICOH AMERICAS CORPORATION, KONICA MINOLTA PRINTING SOLUTIONS U.S.A., INC., KYOCERA MITA AMERICA, INC., and HEIDELBERG USA, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § §   Civil Action No. 2:07-cv-340-DF |

## DEFENDANT KONICA MINOLTA PRINTING SOLUTIONS U.S.A., INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Konica Minolta Printing Solutions U.S.A., Inc. ("KM Printing") hereby moves for dismissal of this action on grounds of lack of jurisdiction over the subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), insufficiency of process and service of process pursuant to Federal Rule of Civil Procedure 12(b)(4–5), failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and failure to join an indispensable parties pursuant to Federal Rule of Civil Procedure 12(b)(7).

i

acquired legal title to the `809 patent from SeeColor, or that he held legal title in his own name at the time he purportedly conveyed it to Acacia. The public record therefore leaves an unexplained gap in the chain of title of the `809 patent running to the Plaintiff raising the question of whether Plaintiff has all rights—or indeed any rights—in the `809 patent.

To the extent Plaintiff has acquired some interest in the `809 patent, Plaintiff has failed to join necessary and indispensable parties which, according to the public record, retain rights in the `809 patent. Specifically, to the extent Mr. Snypp may have assigned some interest in the `809 patent to Acacia, and Acacia may have assigned some interest in the `809 patent to Plaintiff, neither of those assignments included the right to sue for infringing activity that occurred prior to the dates of the respective assignments. Accordingly, to the extent any of Mr. Snypp, Acacia, and Plaintiff possess any interest in the `809 patent, Mr. Snypp and Acacia each retain the right to damages for infringing activity that occurred prior to the date of their assignments. Thus, to avoid subjecting Defendants to the risk of multiple litigation involving the `809 patent, this action should not be permitted to proceed without them.

Even if Plaintiff can somehow remedy the above-noted deficiencies, this case should be transferred to the District of Delaware, where an action naming all the necessary parties is already pending. (Declaration of Tarnay ("Tarnay Decl."), Exh. 1). To vindicate their own rights, KM Business, which as discussed above is a separate company from the Konica Minolta defendant in the present action, filed a declaratory judgment action on October 1, 2007, against all necessary parties in the United States District Court for the District of Delaware ("the Delaware DJ Action"). (Tarnay Decl., Exh. 1). The Delaware DJ Action will adjudicate all claims affecting the interests of Plaintiff, Acacia, and Mr. Snypp. By joining all necessary parties in the Delaware DJ Action and because Plaintiff filed the present action against KM

For that reason, Plaintiff does not hold any valid title or legal interest in and to the `809 patent, and as a result, has no standing or right to sue for infringement of the `809 patent. *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 40 (1923) ("[t]he plaintiff in an action at law must be the person or persons in whom the legal title to the patent resided in at the time of infringement") (internal citation omitted); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) (finding "a suit for infringement must ordinarily be brought by a party with legal title to the patent"). Moreover, in the area of patent infringement, the Federal Circuit has held that if the original plaintiff lacked initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003).

Screentone, Acacia, and/or Mr. Snypp cannot now execute further assignment documents to confer standing on Plaintiff retroactively. *Gaia Tech. Inc. v. Reconversion Tech., Inc.*, 93 F.3d 774, 779-80 (Fed. Cir. 1996); *see also Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F.Supp. 305, 310 (D.Del. 1995); *Afros S.p.A. v. Krauss-Maffei Corp.*, 671 F.Supp. 1402, 1445-46 (D.Del. 1987), aff'd, 848 F.2d 1244 (Fed. Cir. 1988).

### C. The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(7) For Failure to Join An Indispensable Party Under Fed. R. Civ. P. 19

"The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) (citing Fed. R. Civ. P. 19 advisory committee note). In accord with that goal, Rule 19 seeks to bring into a lawsuit all persons who ought to be there— "necessary parties" —by requiring joinder. *Id.* In the event that a necessary party cannot be joined, the Court must consider whether the necessary party is

(dismissing the complaint and holding the patent owner to be indispensable under Rule 19). Therefore, given the availability of an alternate federal forum in the District of Delaware where all necessary and indispensable parties, including Mr. Snypp, have already been joined in a single action, KM Printing's motion to dismiss this action should be granted.

IV. **IF THIS CASE IS NOT DISMISSED, PREFERENCE SHOULD BE GIVEN TO THE DELAWARE DJ ACTION SINCE IT IS THE FIRST FILED ACTION WITH ALL THE PROPER PARTIES**

This Court should allow the Delaware DJ Action to proceed under the first-to-file rule since it is the first action that includes all necessary parties. *See, e.g., Mallinckrodt Med., Inc. v. Nycomed Imaging A.S.*, 49 U.S.P.Q.2d 1474, 1477-88 (D. Mo. 1998) (finding action filed later in time to be the first-filed action due to addition of parties); *Signtech, Inc. v. 3M Co.*, 15 U.S.P.Q.2d 1143, 1144 (D. Md. 1989), *aff'd*, 895 F.2d 1421 (Fed. Cir. 1990) ("[t]he interests of justice would be best served if the matter were to proceed to judgment . . . where complete relief unquestionably can best be afforded."). Additionally, the Delaware DJ Action is the *only* action that includes KM Business, a company which Acacia also threatened with the '809 patent (Tarnay Decl., Exh. 14) and which is coincidentally the successor to KM Printing.

As this Court is aware, "[t]he Fifth Circuit generally follows the first-to-file rule." *Datamize, Inc. v. Fidelity Brokerage Svcs., LLC*, No. 2:03-CV-321 DF, slip op. at 4 (E.D. Tex. Apr. 22, 2004). The rule is based on the principles of comity, avoiding interference with the affairs of another court and avoiding duplicative litigation. *Id.*

In applying the first-to-file rule, this Court must decide two questions: "(1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should

16

employees here; and does not engage in any other activity by which it could claim that operative facts occurred or are presently occurring in the Eastern District of Texas. Not only do these facts fail to demonstrate "compelling circumstances" to overcome the first-to-file rule, but the circumstances dictate that the District of Delaware is clearly a more appropriate venue for a Delaware corporation.

## V.  CONCLUSION

For the reasons set forth above, the instant action should be dismissed entirely or at least with respect to KM Printing. Alternatively, this Court should transfer this action with respect to KM Printing to the District of Delaware.

Dated:  October 1, 2007

/s/ Thomas N. Tarnay
**Thomas N. Tarnay**
ttarnay@sidley.com
Texas Bar No. 24003032
**Evelyn Y. Chen**
eychen@sidley.com
Texas Bar No. 24055297
**SIDLEY AUSTIN LLP**
717 North Harwood, Suite 3400
Dallas, TX  75201
Telephone:   214.981.3300
Facsimile:    214.981.3400

*ATTORNEY FOR KONICA MINOLTA PRINTING SOLUTIONS U.S.A., INC.*