**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HEIDELBERG USA, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 07-601-GMS |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 07-602-GMS |
| SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT
OF THEIR MOTION TO STAY OR TRANSFER PENDING RESOLUTION OF ISSUES
BY THE EASTERN DISTRICT OF TEXAS, THE FIRST-FILED COURT,
OR, IN THE ALTERNATIVE, MOTION TO DISMISS**

Karen V. Sullivan (No. 3872)
OBERLY, JENNINGS & RHODUNDA, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile
ksullivan@ojlaw.com

                        Edward R. Nelson III
                        Texas State Bar No. 00797142
                        David Skeels
                        Texas State Bar No.  24041925
                        FRIEDMAN, SUDER & COOKE
                        604 East 4th Street, Suite 200
                        Fort Worth, TX 76102
                        (817) 334-0400
                        (817) 334-0401 fax

                        Attorneys for Defendants Screentone Systems
                        Corporation, Acacia Patent Acquisition
                        Corporation, Acacia Research Corporation and
                        Paul S. Snypp

Dated:  November 21, 2007

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................................ iii

Table of Citations ............................................................................................................................... iv

I.   Nature and Stage of the Proceedings ....................................................................................... 1

II.  Summary of the Argument ....................................................................................................... 1

III. Statement of Facts ..................................................................................................................... 2

IV.  Argument .................................................................................................................................... 5

    A.   The first-to-file rule promotes judicial economy and avoids duplicative litigation ........................................................................................................................ 5

    B.   This case involves no applicable exception to the first-to-file rule ...................... 7

    C.   In the alternative to a stay or transfer, the Court may dismiss this case with prejudice ........................................................................................................................ 9

    D.   A curable misnomer, whereby Screentone named KM Printing instead of its parent company, KM Business, does not alter the first-to-file analysis ............... 11

V.   Conclusion ................................................................................................................................ 13

## TABLE OF CITATIONS

**Cases**

*Advanta Corp. v. Visa U.S.A., Inc.*,
    No. 96-7940, 1997 U.S. Dist. LEXIS 2007 (E.D. Pa. Feb. 19, 1997) ................................5

*Alltrade, Inc. v. Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) ................................................................................ 6, 8-9

*Am. Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co.*,
    No. 1254 RSM, 2006 U.S. Dist. LEXIS 88627 (W.D. Wash. 2006) ..................................6

*Arachnid, Inc. v. Merit Indus., Inc.*,
    939 F.2d 1574 (Fed. Cir. 1991) ......................................................................................10

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ...........................................................................................9

*Crosley Corp. v. Hazeltine Corp.*,
    122 F.2d 925 (3d Cir. 1941) ............................................................................................6

*Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc.*,
    No. 01-532-GMS, 2001 U.S. Dist. LEXIS 18547 (D. Del. 2001) .....................................6

*Filler v. Lernout*,
    Nos. 01-191-SLR, 01-298-SLR, 01-379-SLR & 01-380-SLR,
    2002 U.S. Dist. LEXIS 2373 (D. Del. 2002) ...................................................................6

*Flynn v. Best Buy Auto Sales*,
    218 F.R.D. 94 (E.D. Pa. 2003) .......................................................................................12

*Genentech, Inc. v. EB Lilly & Col*,
    998 F.2d 931 (Fed. Cir. 1993) .........................................................................................7

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) .......................................................................................................13

*Jackson v. Duke*,
    259 F.2d 3 (5th Cir. 1958) ..............................................................................................12

*Jacobsen v. Osborne*,
    133 F.3d 315 (5th Cir. 1998) .........................................................................................13

*Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*,
    No. 1:04-CV-396, 2006 U.S. Dist. LEXIS 91358 (N.D. Ind. Dec. 18, 2006) ...................12

*Lockheed Martin Corp. v. L-3 Comm. Corp.*,
 370 F. Supp. 2d 1349 (N.D. Ga. 2005) ................................................................6, 9

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*,
 675 F.2d 1169 (11th Cir. 1982) ............................................................................6, 9

*Munetz v. Eaton Yale and Towne, Inc.*,
 57 F.R.D. 476 (E.D. Pa. 1973) ................................................................................12

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
 678 F.2d 93 (9th Cir. 1982) ......................................................................................9

*Paradise Creations, Inc. v. UV Sales, Inc.*,
 315 F.3d 1304 (Fed. Cir. 2003) ......................................................................... 10-11

*Paul v. G.P.D.A. Inc.*,
 No. 3:02-CV-0834-N, 2003 U.S. Dist. LEXIS 20833 (N.D. Tex. Nov. 18, 2003) ...........12

*S&B Eng'r & Constr., Ltd. v. Alstom Power, Inc.*,
 No. 3:04-CV-0150-L, 2004 U.S. Dist. LEXIS 21021 (N.D. Tex. Oct. 19, 2004) ...............5

*Save Power Ltd. v. Syntek Fin. Corp.*,
 121 F.3d 947 (5th Cir. 1997) .........................................................................6, 7, 8, 9

*Schering Corp. v. Amgen Inc.*,
 969 F. Supp 258 (D. Del. 1997) ..........................................................................5, 7-8

*Smith v. M'Iver*,
 22 U.S. 532 (1824) .....................................................................................................6

**<u>Rules</u>**

Federal Rule of Civil Procedure 12(b) .................................................................................3

Federal Rule of Civil Procedure 15(c) ..........................................................................12, 13

**<u>Statutes</u>**

28 U.S.C. §1404(a) ...............................................................................................................5

35 U.S.C. §286...................................................................................................................10

I.    **Nature and Stage of the Proceedings**

Heidelberg USA, Inc. ("Heidelberg") and Konica Minolta Business Solutions U.S.A., Inc. ("KM Business") filed the above-captioned declaratory actions on October 1, 2007, seeking a declaration of non-infringement and invalidity of U.S. Patent No. 5,166,809. The Heidelberg Action (Civil Case No. 07-601-***) was initially assigned to the vacant judgeship and was automatically referred to Magistrate Judge Leonard P. Stark on October 10, 2007, for all pretrial proceedings. The KM Business Action (Civil Case No. 07-602-GMS) was assigned to Chief Judge Gregory M. Sleet and referred to Magistrate Judge Stark on the same day. By Order dated October 29, 2007 (D.I. #14), and upon a finding that the cases are "related cases," the Heidelberg Action was reassigned to Chief Judge Sleet and then immediately referred to Magistrate Judge Stark. Prior to filing their answers and counterclaims, Defendants today filed a *Motion to Stay or Transfer Pending Resolution of Issues by the Eastern District of Texas, or, in the Alternative, Motion to Dismiss* (the "Motion"), which, for the Court's convenience, addresses both of the above-referenced actions. This is Defendants' opening brief in support of the Motion.

II.    **Summary of the Argument**

1.    The declaratory judgment actions brought before this Court by Heidelberg USA, Inc. (the "Heidelberg Action") and Konica Minolta Business Solutions U.S.A., Inc. (the "KM Business Action") are duplicative of the lawsuit filed by Screentone Systems Corporation two months earlier in the United States District Court for the Eastern District of Texas (the "Texas Action"). Under the first-to-file rule — which turns on which court first obtains possession of the <u>subject</u> of the dispute, not the parties of the dispute — this case should be stayed or transferred, or in the alternative, dismissed. Staying, transferring, or dismissing this case will further the principles of comity and sound judicial administration on which the first-to-file rule is

based, by conserving judicial resources and by avoiding duplicative litigation and inconsistent results.

2.   Screentone owns all right, title and interest in and to the '809 patent. As such, it is the only necessary plaintiff to the Texas Action. Heidelberg and KM Business have included here additional parties that they assert are "indispensable." Having named three defendants in addition to Screentone, they now lay claim to priority under the first-to-file rule. But the first-to-file rule turns on which court first obtains possession of the subject of the dispute, looking only to the sequence of filing events as the relevant metric for determining which court obtained jurisdiction first. The rule applies even if the actions are not identical. And complete identity of parties is not required to substantiate the transfer or dismissal of a second-filed, substantially related action.

3.   Screentone's original Complaint filed in Texas (the "Texas Complaint") named KM Printing instead of its parent company, KM Business (a plaintiff here). The mistake is a curable misnomer that does not alter the first-to-file analysis. Screentone has sought leave to amend its Texas Complaint to substitute KM Business in the Texas Action. Once leave is granted by the Texas Court, the substitution will relate back to the original filing date of August 8, 2007.

### III.   Statement of Facts

On August 8, 2007, Screentone Systems Corporation ("Screentone"), one of the defendants herein, filed its original Complaint in the Eastern District of Texas, alleging infringement of U.S. Patent No. 5,166,809 (the "'809 patent") by seven different defendants (the

"Texas Defendants").[1] The Texas Defendants each make, sell, and distribute printer and other imaging products which operate to reproduce images by the claimed digital halftoning techniques. The Texas Defendants include Heidelberg (one of the two plaintiffs herein) and Konica Minolta Printing Solutions USA, Inc. ("KM Printing"), a wholly-owned Konica Minolta subsidiary that was recently merged into KM Business (the other plaintiff herein).

Screentone agreed to give each Texas Defendant a 30-day extension within which to answer. On the last possible day (October 1, 2007), and in lieu of answers, the Texas Defendants filed three separate motions to dismiss, two of which alternatively requested transfer.[2] The same day, the Texas Defendants filed three nearly identical declaratory judgment actions — two in Delaware (the instant actions) and one in Washington State — seeking declarations of non-infringement and invalidity regarding the same '809 patent at issue in the Texas Action.

The three motions to dismiss pending in Texas and the three declaratory judgment actions parrot one another, routinely using the same or substantially similar language. These collective filings amount to little more than a misguided, orchestrated effort to force the parties' dispute into a procedural quagmire. Telling is the fact that the Texas Defendants made no attempt to communicate with Screentone about the issues raised in their motions and declaratory judgment actions prior to filing. Any attempt at all might have averted this unnecessary waste of the Court's time.

---

[1] See Exh. A – Declaration of Edward R. Nelson, III in Support of this Motion ("Nelson Decl."), at Exh. 1 (Plaintiff Screentone's original Complaint filed August 8, 2007, in the United States District Court for the Eastern District of Texas, Marshall Division; hereinafter, the "Texas Complaint").

[2] KM Printing filed its motion to dismiss (the "KM Printing Motion") pursuant to Fed. R. Civ. P. 12(b)(1-2, 4-7), seeking dismissal or, alternatively, to transfer the Texas Action to the District of Delaware under the first-to-file rule. Heidelberg filed its motion to dismiss (the "Heidelberg Motion") under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(7). The Heidelberg Motion does not seek transfer.

The declaratory judgment actions and the Texas motions are erroneously premised on the assertion that Screentone lacked standing to sue when it did. But the public record, alone, proves otherwise.[3] Screentone acquired all right, title and interest in and to the '809 patent on June 18, 2007, and, as patent owner, Screentone indisputably maintained standing to bring the Texas Action — a fact that Screentone documented and detailed in papers presently before the Texas court.

For this reason alone, there is no basis for dismissal of the Texas Action and no basis for transfer to Delaware or Washington based on the first-to-file rule. Likewise, there is no reason this Court should allow duplicative, parallel litigation to move forward in Delaware when a sister court in Texas is already considering identical issues.

The Texas Defendants argue, additionally, that Screentone did not join all indispensable parties in the Texas Action, and that joinder of those parties in the subsequently-filed declaratory judgment actions should somehow permit them to invoke the first-to-file rule to their benefit. This untenable position flows from improper analysis of the patent's chain of title and runs diametrically contrary to established law.

KM Business has seized upon the fact that Screentone sued KM Printing in the Texas Action, as opposed to KM Business, in a further, forlorn effort to justify filing its declaratory judgment action. But the issue amounts to nothing more than a curable misnomer that has been brought to the Texas court's attention. Once corrected, the addition of KM Business to the Texas Action will relate back to the filing of the original Complaint.

---

[3] Nelson Decl., at Exh. 2 (Assignment of '809 patent to Screentone).

Ultimately, neither Heidelberg nor KM Business can establish any basis upon which their cases should proceed in this Court.[4] Screentone's choice of the Texas forum should not be disturbed, and this Court should stay or transfer the present actions, allowing the parties' arguments to be resolved where the matter was first filed. Moreover, it is well within the Court's discretion to simply dismiss the instant actions should the Court deem dismissal the most efficient course.

## IV.   Argument

### A. The first-to-file rule promotes judicial economy and avoids duplicative litigation.

Screentone filed the Texas Action on August 8, 2007. Two months later, the Texas Defendants made themselves Plaintiffs by filing three separate declaratory judgment actions, one in Washington and two in Delaware. The Texas Action is the first-filed action. "The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." *Schering Corp. v. Amgen Inc.*, 969 F. Supp 258, 267 (D. Del. 1997), quoting *Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 U.S. Dist. LEXIS 2007, at *6-7 (E.D. Pa. Feb. 19, 1997) (emphasis added); *see S&B Eng'r & Constr., Ltd. v. Alstom Power, Inc.*, No. 3:04-CV-0150-L, 2004 U.S. Dist. LEXIS 21021, at *6 (N.D. Tex. Oct. 19, 2004) (stating that "the first-to-file rule looks only to the sequence of filing events . . . as the relevant metric for determining which court obtained jurisdiction first").

---

[4] It bears mention that some, but not all, of the Texas Defendants requested transfer out of the Eastern District of Texas on the basis of "convenience" under 28 U.S.C. §1404(a). But not a single private or public interest factor favors such a transfer. The Texas Defendants' motions ignore the well-settled principle that deference must be accorded Plaintiff's choice of forum (in this case, Screentone's choice to file in Texas) and otherwise falters in meeting the heavy burden necessary to justify a change of venue.

It is well settled that "[i]n all cases of federal concurrent jurisdiction, the court which first had possession of the subject <u>must decide it</u>." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941), quoting *Smith v. M'Iver*, 22 U.S. 532 (1824) (emphasis added); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *Lockheed Martin Corp. v. L-3 Comm. Corp.,* 370 F. Supp. 2d 1349, 1350-51.(N.D. Ga. 2005) ("when parties have filed competing or parallel litigation in separate federal courts, the court in which the case was first filed should hear the case"). Consequently, the "later-filed action should be stayed pending the resolution of an earlier filed action, or transferred to the court in which the earlier-filed action is pending." *Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc.*, No. 01-532-GMS, 2001 U.S. Dist. LEXIS 18547 at *13-14 (D. Del. 2001).

The first-to-file rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *Filler v. Lernout*, 2002 U.S. Dist. LEXIS 2373 at *6 (D. Del. 2002); *see Am. Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co.*, No. 1254 RSM, 2006 U.S. Dist. LEXIS 88627, 2-3 (W.D. Wash. 2006) ("The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'"), quoting *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Save Power Ltd.*, 121 F.3d at 950 ("the principle of comity requires federal district courts ... to exercise care to avoid interference with each other's affairs").

The decision to transfer or stay the second action is within the discretion of the trial court. *Filler*, 2002 U.S. Dist. LEXIS 2373 at *6. But "invocation of the rule will usually be the norm, not the exception, and courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." *Id.* (internal citation omitted); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982) ("In the

absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."). The rule applies even if the actions are not identical. *Save Power Ltd.*, 121 F.3d at 950 ("Regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in ... the jurisdiction first seized of the issues.").

This same rule applies in patent cases. *Genentech, Inc. v. EB Lilly & Col*, 998 F.2d 931, 937-38 (Fed. Cir. 1993) (holding that Federal Circuit law applies when a question is important to national uniformity in patent practice and applying to a patent case "[t]he general rule [that] favors the forum of the first-filed action"). Because the Texas Action is the first-filed case, the Eastern District of Texas should hear and decide these matters.

### B. This case involves no applicable exception to the first-to-file rule.

The Texas Defendants intentionally created duplicative litigation by filing multiple declaratory judgment actions. And in their attempts to escape the Texas Action, they sued Acacia Patent Acquisition Corporation ("APAC"), Paul Snypp, and Acacia Research Corporation. These parties were not originally named as Plaintiffs in the Texas Action. Though not necessary to the maintenance of the lawsuit, Screentone has requested leave to amend the Texas Complaint to add APAC and Snypp as voluntary co-plaintiffs. Acacia Research Corporation is not a proper party to any suit, having nothing to do with the case outside the fact that it is the ultimate parent to APAC and Screentone. Acacia Research Corporation does not own, and has never owned, any interest whatsoever in the '809 patent.

As noted above, "[t]he first-filed rule turns on which court first obtains possession of the <u>subject</u> of the dispute, not the parties of the dispute." *Schering Corp.*, 969 F. Supp at 267. In *Schering*, the court "first acquired subject matter jurisdiction over the dispute in December of

7

1996" when Schering's original Complaint for patent infringement was filed. *Id*. As in this case, the defendant in *Schering*, Amgen, filed a subsequent declaratory judgment action in another district against two parties, Schering and Biogen. *Id*. at 260. Amgen lodged a concurrent motion to dismiss in response to Schering's first-filed Complaint, premised upon the failure of Schering to join Biogen as an indispensable party. *Id*. Schering then amended to add Biogen as a co-plaintiff. *Id*.

Amgen argued that its choice of forum was entitled to deference as, effectively, the first forum to acquire jurisdiction over all necessary parties.[5] *Id*. at 265-67. The *Schering* court rejected Amgen's argument, holding that "the Delaware action is considered first-filed, regardless of the addition of a new party" by Schering, which was done after, and in response to, Amgen's second-filed declaratory judgment action. *Id*. at 267.

Under the first-to-file rule, the Washington and Delaware courts should defer to the Texas court. *See Save Power Ltd.*, 121 F.3d at 950 (acknowledging the well-settled "legal proposition [that] the second court should defer"). There is simply no basis for this Court to conclude that it should allow the Delaware actions to go forward. Rather, "where duplicative issues and parties exist in two cases the court with the first case should resolve the issues between the parties ...." *Id.*

There are some narrow exceptions to the first-to-file rule. Certain equitable considerations permit courts to exercise their discretion and decline to apply it. Circumstances under which an exception to the first-to-file rule might be made include bad faith, anticipatory suit, and forum shopping. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.

---

[5] In *Schering*, there was a standing issue related to whether Schering, as the purported exclusive licensee, could bring suit alone without joinder of the patent owner, Biogen. This is not an issue here, where Screentone is the patent owner with an indisputable right to bring its action in Texas. There is no exclusive licensee.

1991). But even in those instances, most courts hold that the first court must decide whether or not the exceptions apply: "The first-filed rule requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances' favors transfer of the first-filed case to the second court for consolidation." *Lockheed Martin Corp.*, 370 F. Supp. 2d at 1350-51, quoting *Merrill Lynch*, 675 F.2d at 1174; *see also Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 606 (5th Cir. 1999) ("[O]nce the [second-filed] court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed."). Accordingly, Screentone respectfully requests that this Court stay this consolidated action or transfer it to the Eastern District of Texas for resolution.

### C. In the alternative to a stay or transfer, the Court may dismiss this case with prejudice.

It is well within this Court's discretion to simply dismiss the present consolidated actions by application of the first-to-file rule. *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982) (affirming district court's decision to dismiss the second-filed action). Here, there is no reason why the first-to-file rule would not operate in favor of the first-filed Texas Action.

As indicated above, the Texas Defendants believe they can circumvent the first-filed rule by adding additional parties. They argue that the additional parties are "indispensable" to the litigation. In reality, the parties have been added to create the illusion that the actions are somehow different. Federal courts have rejected such efforts. *See, e.g.*, *Save Power Ltd.*, 121 F.3d at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

The Texas Defendants' indispensable party position is founded on their assertion that Screentone lacks the right to sue for past damages, presumably going back six years as permitted under 35 U.S.C. § 286. In their dismissal motions, they cite *Arachnid, Inc. v. Merit Indus., Inc.* for the proposition that patent assignments generally do not convey a right to collect pre-assignment damages. 939 F.2d 1574, 1579 n. 7 (Fed. Cir. 1991). Rather, rights to such damages must be expressly assigned.

The Texas Defendants' argument is misplaced, however, for the simple reason that Screentone held valid legal title to the patent-in-suit at the time it filed the Texas Action and, thus, had standing to assert infringement. The extent to which Screentone can collect *pre-*assignment infringement damages is merely a red herring. Such goes to the issue of how far back Screentone may collect infringement damages, and not to whether Screentone had the right to bring suit.

The Texas Complaint does not state the extent to which Screentone seeks past damages. Rather, it simply states that "[Screentone] is the owner of the '809 patent with the exclusive right to enforce the '809 patent against infringers and collect damages for all relevant times, including the right to prosecute this action."[6] Nowhere does the Complaint allege that Screentone seeks damages accruing prior to taking ownership. The "relevant" time for Screentone to collect past damages is from June 18, 2007 (the date it acquired the '809 patent)[7] forward.

Quoting *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003), the Texas Defendants argue in their dismissal motions that "if the original plaintiff lacked standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition

---

[6] Nelson Decl., at Exh. 1 (Texas Complaint) at ¶ 12.

[7] Nelson Decl., at Exh. 2 (Assignment to Screentone).

of a party with standing."[8]  The case is inapposite for the simple reason that Screentone had standing at the time it filed its Texas lawsuit by virtue of its exclusive ownership of the '809 patent.  Standing "depends upon the state of things at the time ... the action [is] brought."  *Id*. at 1306.  Though true that a plaintiff cannot gain standing retroactively, *id*. at 1310, Screentone did not need to gain standing to maintain the Texas Action.  Screentone became the complete, legal owner of the '809 patent on June 18, 2007, and filed its Texas Action on August 8, 2007.  There is no ownership defect; thus, there is no jurisdictional defect.

Nevertheless, Screentone sought leave from the Texas court to amend its Complaint and to add APAC and Snypp as parties (two of the four Defendants here).  APAC and Snypp were not, and are not, indispensable parties, because Screentone has every right to pursue its own damages in the Texas Action, at least back to June 18, 2007.  But to ensure maximum recovery for past damages, and out of an abundance of caution, Screentone sought leave to add APAC and Snypp.

### D. A curable misnomer, whereby Screentone named KM Printing instead of its parent company, KM Business, does not alter the first-to-file analysis.

KM Business seeks to exploit a curable misnomer, whereby Screentone named KM Printing instead of KM Business in the Texas Action.  Indeed, Texas Defendant KM Printing complains in its dismissal motion that Screentone sued it after it was merged out of existence as part of a corporate reorganization one month prior.[9]  Apparently, Screentone should have named Konica Minolta Business Solutions U.S.A., Inc. ("KM Business"), a plaintiff here and KM

---

[8] *See, e.g*., Nelson Decl., at Exh. 3 (Excerpts from KM Printing Motion to Dismiss, filed in Texas) at p. 9.

[9] Nelson Decl., at Exh. 3 (Excerpts from KM Printing Motion to Dismiss, filed in Texas) at p. 6.

Printing's successor in interest.[10] The mistake amounts to a misnomer correctable via Rule 15. Once corrected, this argued basis for dismissal of the Texas Action is moot.

"The misnomer rule operates in cases where a plaintiff has actually sued and served the correct party but has mistakenly used the wrong name of the defendant in the original caption." *Flynn v. Best Buy Auto Sales*, 218 F.R.D. 94, 97 (E.D. Pa. 2003) (citing *Munetz v. Eaton Yale and Towne, Inc.*, 57 F.R.D. 476, 479 (E.D. Pa. 1973)). In other words, a misnomer involves a correct defendant sued under a wrong name. *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:04-CV-396, 2006 U.S. Dist. LEXIS 91358, at *11 n. 3 (N.D. Ind. Dec. 18, 2006).

"In deciding whether to allow a party to amend the process and/or complaint to correct an asserted misnomer of the defendant, the general test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person." *Paul v. G.P.D.A. Inc.*, No. 3:02-CV-0834-N, 2003 U.S. Dist. LEXIS 20833, at * 17-18 (N.D. Tex. Nov. 18, 2003); *see also Jackson v. Duke*, 259 F.2d 3, 6-7 (5th Cir. 1958) (noting that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading").

KM Printing notes in its motion to dismiss that certain pre-suit correspondence regarding the '809 patent was sent to KM Business.[11] And KM Business is clearly aware that it was the

---

[10] *See id.* at p. 2 (noting that KM Business brought a declaratory judgment action "[t]o vindicate their own rights") and p. 16 (admitting that KM Business succeeded to KM Printing).

[11] Nelson Decl., at Exh. 3 (Excerpts from KM Printing Motion to Dismiss, filed in Texas) at p. 16.

intended target of the present action based on the filing of this Delaware declaratory judgment on the same day KM Printing submitted its motion to dismiss the Texas Action. Such is objective proof, to wit: Screentone had in mind to sue an appropriate Konica Minolta entity; Screentone made a mistake in connection with naming the proper entity; and yet Screentone's suit was effectively served on the intended entity (service on KM Printing was, in effect, service on KM Business as the successor in interest).

At a minimum, KM Business received notice of the Texas Action sufficient to prompt it to action. And there is no indication that Screentone intended to sue an entity other than the proper Konica Minolta subsidiary. Because the failure to name KM Business is the result of a misnomer, such failure does not warrant, and is not likely to result in, dismissal of the Texas Action.

Screentone expects that the Eastern District of Texas will grant it leave to amend its original Complaint to correct the misnomer occasioned by the recent Konica Minolta restructuring. And the amendment should relate back to the August 8, 2007 filing date. "[Federal] Rule [of Civil Procedure] 15(c) is meant to allow an amendment changing the name of a party to relate back to the original complaint … if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (internal quotations omitted).

## V.  Conclusion

As the federal courts have long emphasized, "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). And for the reasons described above, Screentone's choice of a Texas forum should be left alone. This Court should either stay this action pending resolution of various issues by the Eastern District of Texas or

proceed to transfer the case to the Eastern District of Texas, the first-filed court. In the alternative, Defendants here request that the Court dismiss the instant action with prejudice — an option well within the Court's discretion.

                OBERLY, JENNINGS & RHODUNDA, P.A.

Dated: November 21, 2007.        /s/ Karen V. Sullivan
Karen V. Sullivan (No. 3872)
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile
ksullivan@ojlaw.com

    -and-

Edward R. Nelson III
Texas State Bar No. 00797142
David Skeels
Texas State Bar No. 24041925
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
(817) 334-0400 – Telephone
(817) 334-0401 – Facsimile

Attorneys for Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation and Paul S. Snypp