IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.<br><br>Plaintiff,<br><br>v.<br><br>SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP<br><br>Defendants. | Civ. No. 07-602-GMS |

## DECLARATION OF BRYAN HACK IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY OR TRANSFER, OR, IN THE ALTERNATIVE, MOTION TO DISMISS

1.  My name is Bryan Hack. I am over the age of twenty-one and am in all respects competent to make this declaration. I have personal knowledge of the matters set forth below, and the factual matters set forth below are true and correct.

2.  I have been an employee of Konica Minolta Business Solutions U.S.A., since July 1, 2007. Prior to my employment at Konica Minolta Business Solutions U.S.A., Inc., I was employed by Konica Minolta Printing Solutions U.S.A., Inc. from July 2, 2001 to June 30, 2007.

3.  On or about July 1, 2007, Konica Minolta Printing Solutions U.S.A., Inc. ("KM Printing") was merged into Konica Minolta Business Solutions U.S.A., Inc. ("KM Business").

4.  Prior to the merger, both KM Business and KM Printing operated in the United States selling, among other products, various types of black & white and color printers.

5. Prior to the merger, KM Printing sold and was responsible in the U.S. for the sale of, among other products, the Magicolor laser line of printers.

6. Prior to the merger, KM Business sold and was responsible in the U.S. for the sale of, among other products, color production printer systems.

7. Prior to the merger, KM Business was not responsible for the sale of the Magicolor laser line of printers and did not advertise or promote the sale of the Magicolor laser line of printers as part of its business.

8. Prior to the merger, KM Business may have sold or arranged for the sale of a small quantity of printers from the Magicolor printer line to respond to special requests from customers of KM Business. Because such sales were outside of the normal business of KM Business, KM Business made an arrangement in such instances to obtain these printers from or through KM Printing, the company in the U.S. which was responsible for the sale of the Magicolor laser line of printers.

9. The foregoing statements are based on my personal knowledge, my knowledge of Konica Minolta Printing Solutions U.S.A., Inc. and Konica Minolta Business Solutions U.S.A., Inc.'s operations, or upon information that I have received.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge.

December 6, 2007

_____
Bryan Hack

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on December 10, 2007 upon the following individuals in the manner indicated:

| BY E-MAIL & HAND DELIVERY | BY E-MAIL |
|---|---|
| Karen V. Sullivan<br>OBERLY, JENNINGS & RHODUNDA, P.A.<br>1220 Market Street, Suite 710<br>P.O. Box 2054<br>Wilmington, DE  19899 | Edward R. Nelson, III<br>David A. Skeels<br>FRIEDMAN SUDER & COOKE<br>Tindall Square Warehouse No. 1<br>604 East 4th Street, Suite 200<br>Fort Worth, TX  76102 |

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com