UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**CORRECTED**

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Apr 10, 2008**

FILED
CLERK'S OFFICE

IN RE: HALFTONE COLOR SEPARATIONS
('809) PATENT LITIGATION

MDL No. 1926

**TRANSFER ORDER**

    **Before the entire Panel**[*]:  Canon U.S.A., Inc., Eastman Kodak Co., Panasonic Corp. of North America, Ricoh Americas Corp., Kyocera Mita America, Inc., and Konica Minolta Business Solutions Inc. have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Western District of Washington or, in the alternative, the Central District of California.  This litigation currently consists of five actions, two actions in the District of Delaware and one action each in the Central District of California, the Eastern District of Texas, and the Western District of Washington, as listed on Schedule A.

    Responding parties take varying positions on both centralization and transferee district. Electronics for Imaging, Inc., plaintiff in the action pending in the Central District of California, supports centralization, but advocates selection of that district as transferee district.  Heidelberg USA, Inc., plaintiff in one of the two District of Delaware actions and a defendant in the Eastern District of Texas action, opposes inclusion of the former action in centralized proceedings, but does not object to centralization otherwise.  Screentone Systems Corp., plaintiff in the Eastern District of Texas action and a defendant in the other four actions, opposes centralization, as do its co-defendants in those actions: Acacia Patent Acquisition Corp., Acacia Research Corp., and Paul Snypp (collectively the Screentone/Acacia parties).  If the Panel orders centralization over the Screentone/Acacia parties' objections, they urge the Panel to select the Eastern District of Texas as transferee district.

    On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All five actions involve common factual allegations concerning the validity of U.S. Patent No. 5,166,809 (the '809 patent), which claims an apparatus and methods for "digital halftoning" – a technique used to simulate a continuous tone image using spaced dots of varying size.  Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

---

[*]    Judge Scirica took no part in the disposition of this matter.

- 2 -

At oral argument, counsel for the Screentone/Acacia parties asserted that Section 1407 centralization anywhere other than in the Eastern District of Texas would somehow constitute a "perversion" of the MDL process, and suggested that the proponents of centralization had fabricated the grounds therefor by commencing their various declaratory judgment actions in an attempt to avoid litigating in the Eastern District, where the first-filed action is pending. We respectfully disagree with this assertion.

Centralization under Section 1407 is for pretrial purposes only. *See In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000). If the Eastern District of Texas action is not resolved in the transferee court by settlement or otherwise, it will be returned to the Eastern District of Texas for trial. *See* 28 U.S.C. § 1407(a). Moreover, in ordering centralization, the Panel is certainly not bound to ratify the Section 1407 movant's choice of an appropriate transferee district. *See id.* And, in fact, we have expressly given the first-filed criterion some weight in selecting a transferee district. *See, e.g., In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*, 528 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007). But, in this docket, the Eastern District of Texas has no special connection to either the parties or the litigation's subject matter. This patent litigation could well have been filed in any of a number of jurisdictions. Furthermore, current docket conditions in the Eastern District of Texas counsel against assignment of this MDL to that district where other appropriate districts are available to handle the litigation. *See In re Merscorp Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litigation*, 473 F.Supp.2d 1379, 1379-80 (J.P.M.L. 2007).

Under these circumstances, we are persuaded that the Central District of California is an appropriate transferee district for pretrial proceedings in this litigation. The action pending in that district is the only one of the five that also involves U.S. Patent No. 4,924,301 (the '301 patent), which is the parent of the '809 patent. In addition, Screentone Systems Corp., the purported patent holder, is located in the Central District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the four actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Cormac J. Carney for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica[*] |

**IN RE: HALFTONE COLOR SEPARATIONS**
**('809) PATENT LITIGATION**                                    MDL No. 1926

## SCHEDULE A

Central District of California

Electronics for Imaging, Inc. v. Acacia Research Corp., et al., C.A. No. 8:07-1333

District of Delaware

Heidelberg USA, Inc. v. Screentone Systems Corp., et al., C.A. No. 1:07-601
Konica Minolta Business Solutions USA, Inc. v. Screentone Systems Corp., et al.,
    C.A. No. 1:07-602

Eastern District of Texas

Screentone Systems Corp. v. Canon U.S.A., Inc., et al., C.A. No. 2:07-340

Western District of Washington

Canon U.S.A., Inc., et al. v. Screentone Systems Corp., et al., C.A. No. 2:07-1544